IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-398-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WAKEMED d/b/a WAKEMED HEALTH AND HOSPITALS | ) ) | |

This cause comes before the Court on a joint request by the parties to defer prosecution of this matter pursuant to the terms of a deferred prosecution agreement (agreement) submitted on December 19, 2012. Two hearings having been held before the undersigned, and upon due consideration of the parties' memoranda and arguments and for the reasons discussed below, the Court allows the request.

## DISCUSSION

This matter involves materially false statements, writings, and documents made by defendant (defendant or WakeMed) to a healthcare benefit program in violation of 18 U.S.C. §§ 1035 and 2. In 2007, an auditing contractor for the government discovered that defendant had a high incidence of inpatient billings for patients who did not stay in the hospital overnight. A random sampling of defendant's billing practices between 2003 and 2006 revealed numerous instances in which Medicare was billed for an inpatient stay in the absence of a physician's order directing an inpatient stay or in the face of a physician's order directing that the patient be treated on an outpatient basis. Additional investigation by the Department of Health and Human Services, Office of the Inspector General revealed that defendant's director of patient access had knowingly allowed her staff to admit Medicare patients on an inpatient basis in violation of

physician orders and had further permitted her staff to mark physician orders to reflect inpatient status when such status was not consented to or ordered by physicians. Based on its review of defendant's practices the government determined that both civil penalties and criminal charges were necessary, but concluded that engaging in a global settlement and deferred prosecution agreement was the most appropriate course. The deferred prosecution agreement relates only to the billing practices discussed therein for cardiac procedures performed at WakeMed during the relevant time period, and the Court is satisfied that nothing in the agreement would prevent the government from investigating and prosecuting any additional fraud or misstatement discovered to have occurred in any other area or department of WakeMed.

At the hearing on February 5, 2013, defendant formally waived indictment and was advised by the Court of its rights, including the right to a jury trial. Pursuant to the agreement, defendant has waived any defenses it may have under the Speedy Trial Act and has further admitted that for the purposes of the agreement the government can establish the material elements of the charge against it. The government has demonstrated that it has evidence to support all of the allegations in the criminal information and that the conduct at issue was serious and in need of being addressed by criminal process.

In reaching its conclusion, the Court has considered the important parts of the agreement which reflect that defendant has agreed to pay a settlement amount of eight million dollars, inclusive of an extrapolated loss figure for single damages across multiple time periods as well as a multiplier; that the wrongdoing set forth in the statement of facts actually occurred and that defendant is responsible for the actions of it officers, directors, and those in its employ; that the statement of facts may be used against defendant at trial in the event of a breach of the agreement

2

within the next twenty-four months; to be monitored for five years by an independent review organization that reports to the Department of Health and Human Services; to cooperate with the government throughout the investigation; not to make public statements contradicting the agreed upon statement of facts; and that individual officers, directors, and employees of defendant are not released from criminal liability by the agreement and remain subject to prosecution. By the terms of the agreement, the government will not pursue WakeMed's debarment as a Medicare provider at this time and seeks to defer prosecution of defendant for twenty-four months, at the expiration of which it will dismiss the criminal information provided defendant is in full compliance with the agreement and has not been found to have committed further serious federal crimes related to its billing practices.

The Court has also considered the equities at issue, including the impact of defendant's actions on the primary victims in this matter – the Medicare program and the taxpayers who contribute to it. Such consideration must also include, however, the protection of defendant's employees and healthcare providers who are blameless but who would suffer severe consequences should defendant be convicted and debarred as a Medicare and Medicaid provider. Moreover, the Court has considered the threat that the provision of essential healthcare to WakeMed's patients would be interrupted and that the needs of the underprivileged in the surrounding area would be drastically and inhumanely curtailed should defendant be forced to close its doors as a result of the instant prosecution. Accordingly, after weighing the seriousness of defendant's offense against the potential harm to innocent parties that could result should this prosecution go forward, the Court has determined that a deferred prosecution is appropriate in this matter.

## CONCLUSION

In light of the foregoing, the Court grants the parties' request to defer prosecution of this matter pursuant to the terms of the deferred prosecution agreement and the additional terms outlined herein. It is hereby ORDERED that the prosecution of this case shall be deferred for a period of twenty-four months from the date of entry of this order, subject only to early termination or breach of the agreement. Any early termination of the agreement sought by the government must be submitted to the Court for its approval. Upon consent of defendant, any period of delay resulting from the deferral of prosecution shall be excluded from speedy trial computations pursuant to 18 U.S.C. § 3161(h)(2). The parties having agreed to periodic review of the status of this matter by the Court, any reports made relating to defendant's compliance with the agreement shall be filed with the Court for its review. Furthermore, the Court may, at the expiration of a period of twelve months from the date of entry of this order, conduct a hearing to determine whether the deferral of prosecution is properly being managed. Provided there is no breach of the agreement, the government shall move to dismiss the criminal information with prejudice within the earlier of twenty-five months from the date of entry of this order or within thirty days of the early termination of the agreement. The clerk is DIRECTED to file as a public document the deferred prosecution agreement submitted on December 19, 2012.

SO ORDERED, this _8_ day of February, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE